## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LEROY DARDEN, SHAROL WITCHER, ALBERT SWAIN, KARLA TOVAR, MAURICA HINES, and CERY PERLE, | Civil Action No.: 1:21-cv-23149-DPG |
| Plaintiff, | **DEFENDANT'S MOTION TO STAY** |
| v. | |
| CREDIT CONTROL SERVICES, INC., | |
| Defendant. | |

## DEFENDANT'S MOTION TO STAY PENDING *EN BANC* REVIEW BY THE ELEVENTH CIRCUIT IN *HUNSTEIN V. PREFERRED COLLECTION & MANAGEMENT SERVICES, INC.* WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Credit Control Services, Inc. ("CCS"), hereby respectfully moves the Court to stay these consolidated actions pending a final decision by the United States Court of Appeals for the Eleventh Circuit in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2019).

## INTRODUCTION

Plaintiffs, Leroy Darden, Sharol Witcher, Albert Swain, Karla Tovar, Maurica Hines and Cery Perle (hereinafter Plaintiffs') allege that CCS violated Section 1692c(b) of the FDCPA by providing information about money owed to various creditors to a variety of alleged third parties. See Dkt. No. 27, ¶¶ 29-30, 32; 39-40, 42; 49-50, 52; 59-60, 62; 69-70, 72; 79-80, 82. Notably, Plaintiffs' never identify these third parties in their Complaints.  Plaintiffs' speculate, without pleading factual detail, that CCS also provided his information to skip-tracing servicers, scrubbing servicers, and unnamed independent third-party contractors. *Id.*  Relying upon the now-vacated opinion in *Hunstein v. Preferred Collection & Management Services, Inc.,* No. 19-14434-HH (11th

1

Cir. 2019) as the basis for their claims, Plaintiffs' allege CCS violated 15 U.S.C. § 1692c(b). *See Dkt. No. 27, Plaintiffs' First Amended Consolidated Complaint,* Count 1.

On November 17, 2021, the United States Court of Appeals for the Eleventh Circuit issued an Order *sua sponte*, indicating that the Court would rehear *Hunstein en banc*. Moreover, "[t]he Eleventh Circuit Court of Appeals' resolution of the petition for rehearing *en banc* in *Hunstein*, will have a substantial impact on the claims in this case, most notably, on the issue of standing for the statutory violation." *Manfredy v. Commercial Acceptance Company*, 6:21-cv-1893 (M.D. Fla. December 1, 2021). In the interest of justice and judicial economy, the Court should stay this action until the Eleventh Circuit's resolution of the rehearing petition in *Hunstein*. *See Id.*

This Court has broad discretion to stay these proceedings pending the resolution of another case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In line with this discretion, this Court should stay this case pending the Eleventh Circuit's *en banc* rehearing of the *Hunstein* case, so that neither the Court nor the parties expend further time or resources on this case until such time as the Eleventh Circuit's review of *Hunstein* is complete.

## MEMORANDUM OF LAW

The Court has broad discretion to stay this case "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis*, 299 U.S. at 254; *see Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). In determining the propriety of a stay, the Court considers: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues and streamline trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the Court. *Ring v. City of Gulfport*, No. 8:20-CV-593-T-33CPT, 2020 WL 3895435, at *2 (M.D. Fla. July 10, 2020)

"[T]he Eleventh Circuit has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Stoll v. Musculoskeletal Inst., Chartered*, No. 8:20-cv-1798-CEH-AAS, at *2 (M.D. Fla. Feb. 18, 2021) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).   Courts routinely stay cases for this very reason.   *See, e.g.*, *Stoll*, 2021 WL 632622, at *2; *Ring*, 2020 WL 3895435, at *4; *Pinares v. United Techs. Corp.*, 2019 WL 8129287, at *3 (S.D. Fla. Feb. 12, 2019); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 3632714, at *2 (M.D. Fla. Sept. 14, 2010); *Abbott v. United States*, 2018 WL 8899341, at *1 (S.D. Fla. Sept. 4, 2018), *report and recommendation adopted*, 2018 WL 8899679 (S.D. Fla. Sept. 20, 2018); *Pena v. Meade*, 2020 WL 7641054, at *1 (S.D. Fla. Dec. 23, 2020).   Consistent with these decisions, this Court should stay this consolidated case until the Eleventh Circuit reaches a final decision in *Hunstein*.

Each of the factors enumerated above favor a stay of this case.   First, this case is in its infancy. No case management deadlines are imminent *See Dkt. 30, Scheduling Order*, no discovery has been conducted and no motions are pending. Second, and for similar reasons, no party will be prejudiced by the stay given this case's procedural posture.   *See id.*   Third, a stay will simplify the issues and reduce the burden on the parties and the Court: the Eleventh Circuit's final decision in *Hunstein* will create binding precedent, and may in fact extinguish this case without the need for the Court or the parties to expend further time or resources.   Moreover, a stay will allow the Court "to avoid issuing a dispositive [o]rder in the midst of an uncertain legal environment." *Jacobs v. Ocwen Loan Servicing, LLC*, No. 16-62318-Civ-Scola, 2017 WL 1733855 (S.D. Fla. April 14, 2017) (quoting *Coatney v. Synchrony Bank*, No. 16-cv-389-Orl-22TBS, 2016 WL 4506315, at *2

(M.D. Fla. Aug. 2, 2016)).  Thus, a stay will promote judicial efficiency and reduce the burdens on both the Court and the parties.

Finally, the proposed stay is not indefinite or immoderate. [1] The stay "would end with one ruling by the Eleventh Circuit, a court that would handle the appeal expediently." *Pinares*, 2019 WL 8129287, at *2; *see also Ring*, 2020 WL 3895435, at *4.  There is "no indication that the appeal will take an unusually lengthy amount of time to resolve." *Ring*, 2020 WL 3895435, at *4. Thus, the moderate stay requested here is proper.

Finally, it bears mention that several judges in the U.S. District Courts in Florida have already stayed numerous identical matters—many of which were filed by Plaintiff's counsel and plead identical, cookie-cutter, causes of action—pending the Eleventh Circuit's forthcoming decision. *See, e.g., Manfredy v. Commercial Acceptance Company*, No. 6:21-cv-1893 (M.D. Fla. December 1, 2021); *Sardinas v. TRS Recovery Services, Inc.*, 2021 U.S. Dist. LEXIS 231069 (S.D. Fla. Dec. 3, 2021); *Zahriyeh v. F.H. Cann & Associates, Inc.*, No. 0:21-cv-61178-RKA (S.D. Fla. Nov. 23, 2021); *Lalloo v. Cooling & Winter, LLC*, 2021 U.S. Dist. LEXIS 183400 (S.D. Fla. Sep. 23, 2021); *Luca v. United Collection Bureau, Inc.*, 2021 U.S. Dist. LEXIS 174555 (S.D. Fla. Sep. 13, 2021). For these reasons, the Court should grant CCS' Motion and stay this case pending the Eleventh Circuit's reevaluation of *Hunstein*.

WHEREFORE, CCS hereby requests that the court stay this action pending the Eleventh Circuit's reevaluation of *Hunstein*.

---

[1] "The en banc oral argument will be conducted the week of February 21, 2022..." *See* Exhibit "A", the November 23, 2021 Memorandum to Counsel or Parties.

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)</u>**

Pursuant to Local Rule 7.1(a)(3), I certify that on  I conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Plaintiff does not consent to the Motion or to the relief requested.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

By:      <u>*/s/Chantel C. Wonder*</u>
Chantel C. Wonder
  Florida Bar No.: 0087601
  cwonder@grsm.com
  Miami Tower
  100 SE Second Street, Suite 3900
  Miami, FL 33131
  Tel:  (Direct) 813-523-9700
  Facsimile 813-377-3505
  *Counsel for Defendant,*
  *Credit Control Services, Inc.*
  *d/b/a Credit Collection Services*

.

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2021, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules, and/or the District's Rules on Electronic Service, upon the following parties and participants:

Jibrael S. Hindi, Esq. /Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
jibrael@jibraellaw.com / tom@jibraellaw.com
Tel: 954-907-1136
Facsimile: 855-529-9540
*Counsel for Plaintiffs'*
